# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NASSTECH, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OSNOVATION SYSTEMS, INC. DBA OSNOVATIVE SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-04417-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO EXTEND STATE COURT TEMPORARY PROTECTIVE ORDER**<br><br>[Re: ECF 32] |

Presently before the Court is Plaintiff Nasstech, LLC's Ex Parte Motion to Extend State Court Temporary Protective Order.

For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART. The Court adopts the state court temporary protective order in this Court, but denies Plaintiff's request to extend its current expiration date of August 23, 2018. A hearing on Plaintiff's writ of attachment is SET for August 22, 2018 at 9:00 a.m. The Parties SHALL file any related briefing in this Court on or before August 18, 2018.

## I. BACKGROUND

On July 6, 2018, Plaintiff Nasstech, LLC, ("Plaintiff") sued Defendants Osnovation Systems, Inc., ("Defendant") and CSNK Working Capital Finance, Corp.,[1] in state court for breach of written contract, foreclosure of security interests in personal property collateral, writ of possession, and writ of attachment. ECF 34-1. On July 18, 2018, Plaintiff filed an Ex Parte Application for Writ of Attachment and Temporary Protective Order under Cal. Civ. Proc. Code § 485.010, *et seq.*, to attach $7,800,000.00. ECF 34-3.

---

[1] CSNK Working Capital Finance, Corp., has not yet appeared in this case.

On July 20, 2018, the state court judge granted Plaintiff's application for a temporary protective order, making the following findings: (1) the claim upon which the application for attachment was based was one upon which an attachment may be issued under Cal. Civ. Proc. Code § 483.010; (2) great or irreparable injury to Plaintiff would result without the order, based on the danger that the property sought to be attached might be concealed, substantially impaired in value, or made unavailable to levy by other means; and (3) Defendant had failed to pay the debt underlying the requested attachment and is insolvent as defined in Cal. Civ. Proc. Code § 485.010(b). ECF 34-4. The state court also found that the requirements of Cal. Civ. Proc. Code § 485.220 governing issuance of orders on writs of attachment were satisfied, but deemed the temporary protective order more appropriate than an ex parte writ of attachment. *Id.* Satisfied that all of the requirements were met, the court issued a temporary protective order, subject to Plaintiff's filing an undertaking of $10,000. *Id.* The court also set a hearing on the application for attachment order and writ of attachment for August 23, 2018, and ordered Defendant not to transfer any property subject to the writ. *Id.* Finally, the court set the order to expire on August 23, 2018.

Before Plaintiff had the opportunity to file the required bond, Defendant removed the case to federal court. *See* ECF 1. On July 27, 2018, Plaintiff moved to remand the case to state court (ECF 10) and applied ex parte to shorten the time for the hearing on that motion (ECF 7). Magistrate Judge Cousins granted the application to shorten time (ECF 15) and held a hearing on the motion to remand on August 1, 2018 (ECF 25). On August 2, 2018, Magistrate Judge Cousins issued a report and recommendation to this Court to remand the case back to state court, allowing Defendant 14 days to file its opposition under Fed. R. Civ. P. 72(b). *See* ECF 26. On August 3, 2018, Plaintiff filed an ex parte application to shorten Defendant's time to oppose Magistrate Judge Cousins' report and recommendation (ECF 28), which this Court denied on August 6, 2018 (ECF 31). Plaintiff now moves ex parte to extend the state court's temporary protective order, which this Court interprets as a request to adopt the temporary protective order and extend its date of expiration. (ECF 32).

## II. LEGAL STANDARD

After removal, "[t]he federal court takes the case as it finds it … and treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (quoting *Duncan v. Gegan*, 101 U.S. 810 (1880)). "Consequently, an order entered by a state court 'should be treated as though it had been validly rendered in the federal proceeding.'" *Carvalho v. Equifax Info. Servs.*, *LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Butner*, 324 F.2d at 786)). Once removed, "[F]ederal rather than state law governs the future course of proceedings." *Id.* (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437 (1974)).

Moreover, 28 U.S.C. § 1450 mandates that "[a]ll injunctions, orders, and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

Finally, Federal Rule of Civil Procedure 65(b)(2) allows federal courts, for good cause, to extend the period for which a temporary restraining order is in effect by a period comparable to 14 days.

## III. DISCUSSION

On July 20, 2018, the state court issued a temporary protective order subject to Plaintiff's filing an undertaking in the amount of $10,000. Because the order issued before Defendant removed the case, this Court must treat that order as if it had been rendered in federal court. *Carvalho*, 629 F.3d at 887. Likewise, the temporary protective order must "remain in full force and effect until dissolved or modified" by this Court under 28 U.S.C. § 1450. Plaintiff is thus directed to post the required $10,000 bond in this Court to effectuate the order. In connection with this order, this Court also sets a hearing on Plaintiff's writ of attachment for August 22, 2018.

To the extent there is any argument that the temporary protective order was not effectively ordered in state court, and thus is not binding on this Court, this Court holds, as the state court did, that the requirements for a temporary protective order are satisfied in this case, including that great or irreparable injury to the Plaintiff could result absent the order. *See* Cal. Civ. Proc. Code § 486.020; *cf.* Fed. R. Civ. P. 64 (granting federal courts authority to use state law remedies for

3

1 seizing property).

2 Having adopted the temporary protective order, this Court further finds that an extension of the order's expiration date is not supported by good cause, as required by Fed. R. Civ. P. 65(b). The order is set to expire on August 23, 2018. Defendant's opposition to Magistrate Judge Cousins' report and recommendation is due on August 16, 2018, and the Court has set a hearing on Plaintiff's application for writ of attachment for August 22, 2018. Sufficient time remains for resolution of the related issues in this case before expiration of that order.   The Court denies this portion of the motion without prejudice to refiling the motion for extension of the temporary protective order's expiration date should the issues not be resolved by the order's expiration date.

## IV. ORDER

Plaintiff's Motion to Extend State Court Temporary Protective Order is GRANTED IN PART and DENIED IN PART. The Court GRANTS Plaintiff's request that it adopt the state court's temporary protective order. Plaintiff is directed to post the required $10,000 bond in this Court to effectuate the order. This Court DENIES Plaintiff's request to extend the time in which the order expires; the temporary protective order expires on August 23, 2018.

**IT IS SO ORDERED.**

Dated: August 8, 2018

BETH LABSON FREEMAN
United States District Judge