# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NASSTECH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OSNOVATION SYSTEMS, INC. DBA OSNOVATIVE SYSTEMS, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-04417-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT MOTION TO REMAND AND VACATING HEARING ON WRIT OF ATTACHMENT**<br><br>[Re: ECF 26] |

On July 6, 2018, Plaintiff Nasstech, LLC ("Plaintiff") filed this action in Santa Clara County Superior Court, asserting only state law causes of action for breach of contract, foreclosure of security interests in personal property collateral, writ of possession, and writ of attachment. *See* Compl., ECF 1-1. On July 20, 2018, Defendant Osnovation Systems, Inc. ("Defendant") removed this case on the basis of diversity jurisdiction. Not. of Removal, ECF 1. Defendant removed the case just after the state court granted Plaintiff a temporary protective order ("TPO") but before Plaintiff had a chance to file the undertaking required for the TPO to issue. *See generally* Ex Parte App. to Remand, ECF 7; Ex Parte App. to Shorten Time, ECF 28.

On July 27, 2018, Plaintiff filed a motion for remand on the ground that there is no diversity jurisdiction because Defendant is a citizen of California, and thus prevented under 28 U.S.C. § 1441(b) from removing the case based on diversity jurisdiction. *See* Motion for Remand ("Mot."), ECF 10, at 4–5. Plaintiff also moved for fees based on Defendant's alleged improper removal. *See* Mot. at 7–8. Given the existence of the unissued TPO, Magistrate Judge Nathaniel Cousins shortened the time for hearing on the motion to remand and set a hearing for August 1, 2018. *See* ECF 15. On July 31, 2018, Defendant filed an amended notice of removal, claiming that removal was also proper on the basis of federal question jurisdiction because Plaintiff's

claims "arise[] under" the patent laws. *See* Am. Not. of Removal., ECF 20, ¶ 20. It also filed an opposition to the motion to remand. *See* Opp., ECF 21.

On August 1, 2018, Judge Cousins held a hearing on the motion, at which he first noted that he did not have jurisdiction to decide the dispositive issue of remand because Defendant CSNK Working Capital Finance, Corp. has not yet appeared in the case and consented to magistrate-judge jurisdiction. *See* ECF 23, 24. Judge Cousins then provided both sides the opportunity to present their arguments, including allowing Plaintiff to present its argument as to why there is not federal question jurisdiction here—an argument raised by Defendant only after Plaintiff had moved to remand. *See id.* Finally, Judge Cousins asked Plaintiff's counsel whether they still wished to move for fees, and Plaintiff's counsel withdrew the motion for fees in order to facilitate a speedier return of the case to state court. *See id.*

On August 2, 2018, Judge Cousins issued both an Order directing that the case be reassigned to a district court judge and a Report and Recommendation ("R&R") that the case be remanded to the Santa Clara County Superior Court. R&R, ECF 26. No party filed an objection to the R&R and the time to object has expired. *See* Fed. R. Civ. P. 72(b)(2) (deadline to object is 14 days after service of R&R). The Court finds Judge Cousins' R&R to be well-reasoned and correct in every respect, and ADOPTS the R&R in its entirety. Defendant has failed to show that there is either diversity jurisdiction—given Defendant's California citizenship—or federal question jurisdiction—given the state law claims presented in the Complaint.

Accordingly, IT IS HEREBY ORDERED that the case be REMANDED to the Santa Clara County Superior Court. It is also ORDERED that the bond deposited in this Court to satisfy the TPO undertaking be transferred to the state court. The August 22, 2018 hearing on the writ of attachment is VACATED.

**IT IS SO ORDERED.**

Dated: August 17, 2018

_____
BETH LABSON FREEMAN
United States District Judge